United States District Court
Eastern District of Michigan
Northern Division

United States of America,

        Plaintiff,

                                  Hon. Thomas L. Ludington

v.

                                  Case No. 24-CR-20219

Brandi Freeman,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Brandi Freeman, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with distribution of fentanyl under 21 U.S.C. § 841.

## 2.    Statutory Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

Page 1 of 14

| Count 1 | Term of imprisonment: | Up to 20 years |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | Minimum of 3 years and up to life |

### 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

### 4.    Elements of Count of Conviction

The elements of Count 1 are:

1.    defendant distributed a mixture or substance containing a detectable amount of the controlled substance fentanyl; and

2.    defendant did so knowingly.

### 5.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's roll in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Under the direction of law enforcement, a confidential informant (CI) conducted multiple controlled buys from Brandi Freeman at *or Akona County R2K FGY* various locations in the Mt. Pleasant area. One CI buy in Mt. Pleasant occurred on November 2, 2023. During that incident, Freeman delivered 22.6 grams of a mixture or substance containing a detectible amount of fentanyl. Freeman did so knowingly. This occurred in the Northern Division, Eastern District of Michigan.

## 6.  Advice of Rights

The defendant has read the indictment, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B or 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### D.   Not a Basis to Withdraw

The defendant understands that she will have no right to
withdraw from this agreement or withdraw her guilty plea if she
disagrees, in any way, with the guideline range determined by the
Court, even if that guideline range does not incorporate the parties'
recommendations or factual stipulations in paragraphs 8.B. The
government likewise has no right to withdraw from this agreement if it
disagrees with the guideline range determined by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining her sentence, the
Court must calculate the applicable guideline range at sentencing and
must consider that range, any possible departures under the sentencing
guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and
apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the
government recommends that the defendant's sentence of imprisonment

not exceed the bottom of the defendant's guideline range as determined by the Court.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    No Recommendation

There is no recommendation regarding the length of supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

**E.    Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the applicable guideline range as determined by the court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by

collateral review, including, but not limited to, any right she may have
to challenge her conviction or sentence on any grounds under 28 U.S.C.
§ 2255 (except for properly raised ineffective assistance of counsel or
prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,
or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea, or if the
defendant's conviction or sentence under this agreement is vacated, the
government may reinstate any charges against the defendant that were
dismissed as part of this agreement and may file additional charges
against the defendant relating, directly or indirectly, to any of the
conduct underlying the defendant's guilty plea or any relevant conduct.
If the government reinstates any charges or files any additional charges
as permitted by this paragraph, the defendant waives her right to
challenge those charges on the ground that they were not filed in a
timely manner, including any claim that they were filed after the
limitations period expired.

### 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on December 30, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Anthony Vance
Chief, Branch Offices
Assistant United States
Attorney

Roy Kranz
Assistant United States
Attorney

Dated: 12/23/2024

Page **13** of **14**

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by his attorney and is satisfied with his attorney's advice and representation.

Elias Escobedo
Attorney for Defendant

Dated: **2/20/25**

Brandi Freeman
Defendant

2-19-2025