UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:24-cr-20219

v.                                          Honorable Thomas L. Ludington
                                               United States District Judge
BRANDI LYNN FREEMAN,

                                               Honorable Patricia T. Morris
        Defendant.                 United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY RELEASE**

Defendant Brandi Lynn Freeman pleaded guilty to distributing fentanyl in February 2025. Defendant is currently detained and awaiting sentencing. On March 20, 2025, Defendant filed a motion seeking a temporary release to attend a funeral. As explained below, Defendant's Motion will be denied.

**I.**

In April 2024, Defendant Brandi Lynn Freeman was charged with three counts of distributing fentanyl and one count of distributing cocaine, 21 U.S.C. § 841(a)(1). ECF No. 1. Defendant was released on bond pending trial. *See* ECF No. 8; 9. A month later, Defendant violated a condition of her bond by using and testing positive for "cocaine and suboxone." *See* ECF No. 15 at PageID.41; *see also* ECF No. 8 at PageID.15. As a result, Pretrial Services placed Defendant in a residential treatment center. *See* ECF No. 15 at PageID.41–42. Soon after, Defendant left "the treatment center without authorization from Pretrial Services" and remained unreachable by authorities for over a month. *See* ECF Nos. 15; 16; 17; 18; 19. Accordingly, a warrant for

Defendant's arrest was issued and executed. *See* ECF Nos. 16; 19. After that, Defendant's bond was revoked, and she was detained. *See* ECF Nos. 17; 18.

On February 27, 2025, Defendant pleaded guilty to one count of distributing fentanyl in violation of 21 U.S.C. § 841(a)(1), which carries a maximum sentence of twenty years of imprisonment. *See* ECF No. 25. This Court accepted Defendant's guilty plea on March 14, 2025, ECF No. 28, and scheduled her sentencing hearing for June 26, 2025, ECF No. 27. On March 20, 2025, Defendant filed a motion seeking temporary release from her presentence detainment to attend her sister's funeral. ECF No. 29.

## II.

### A.

Because Defendant has pleaded guilty and awaits sentencing, 18 U.S.C. § 3143—the statute applicable to detainment pending sentencing—governs her Motion seeking a temporary release from detainment. *See United States v. Roscoe*, 455 F. Supp. 3d 449, 455 (E.D. Mich. 2020); *United States v. Thomas*, 452 F. Supp. 3d 479, 481–82 (N.D. Tex. 2020). Congress left little "wiggle room" in § 3143. *In re Sealed Case*, 242 F. Supp. 2d 489, 496 (E.D. Mich. 2003). And where, as here, a defendant pleads guilty to an offense prescribed in the Controlled Substance Act that carries a maximum term of imprisonment of ten years or more, courts *must* detain the defendant pending sentencing. *United States v. Christman*, 712 F. Supp. 2d 651, 652 (E.D. Ky. 2010).

Still, in § 3143(a)(2), Congress carved out a narrow exception to this mandatory detainment rule. *In re Sealed Case*, 242 F. Supp. 2d at 490. Under this exception, courts may release a defendant pending sentencing only when the defendant satisfies two elements: the defendant (1) establishes that there is a "substantial likelihood that a motion for acquittal or new trial will be

granted," or the Government "has recommended that no sentence of imprisonment be imposed"; and (2) persuades the court that "by clear and convincing evidence" that he or she "is not likely to flee or pose danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

**B.**

Defendant does not satisfy either element of § 3143(a)(2)'s exception to the mandatory presentencing detainment rule. As for the first element, Defendant's Motion does not argue that this Court is "likel[y]" to grant "a motion for acquittal or a new trial." 18 U.S.C. § 3143(a)(2)(i). Indeed, Defendant has not filed such a motion or suggested that she will. *See generally* ECF No. 29. Nor has the Government "recommended that no sentence of imprisonment be imposed," 18 U.S.C. § 3143(a)(2)(ii). So under § 3143(a)(2), this Court has no authority to grant Defendant's Motion. *In re Sealed Case*, 242 F. Supp. 2d at 490.

As for the second element, even if this Court had the authority to grant Defendant's Motion, Defendant has not demonstrated that she "is not likely to flee . . . ." 18 U.S.C. § 3143(a)(2). Indeed, her prior flight yields concerns that Defendant may flee if released, and her Motion does little to assuage these concerns other than stating that she will "cooperate with law enforcement" while "on temporary release." ECF No. 29 at PageID.78. But these representations do not show "by clear and convincing evidence" that Defendant will not abscond again. *See* 18 U.S.C. § 3143(a)(2).

For these reasons, Defendant's Motion, ECF No. 29, will be denied.

**III.**

Accordingly, it is **ORDERED** that Defendant's Motion for Temporary Release, ECF No. 29, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

- 4 -

Dated: April 11, 2025  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge